# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**



April 6, 1959

Honorable William J. Gillespie
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. WW-588

Re: Whether the office of
county superintendent
for Lubbock County was
abolished by Article
2688c of Vernon's Civil
Statutes.

Dear Mr. Gillespie:

We quote from your request for an opinion as follows:

"Article 2688C, Vernon's Texas Civil
Statutes, provides that counties having a
population of not less than 28,000, accord-
ing to the last preceding Federal census in
which there are no <u>common</u> school districts,
that the office of county school superin-
tendent is abolished and that the duties
performed by the county school superintendent
shall thereafter be performed by the county
judge of such county.

"Lubbock County has a population in
excess of 28,000 by the last preceding Fed-
eral census. The county school superin-
tendent was again elected in the general elec-
tion of November, 1958, for a four year term
and has taken office as such county school
superintendent.

"There are four rural high school
districts in Lubbock County, and Article
2922B, Vernon's Texas Civil Statutes pro-
vides that for some purposes rural high
school districts are classified as common
school districts.

"Please advise whether or not Lubbock
County should have a county school superinten-
dent and if such school superintendent could
legally be paid."

Section 1 of Article 2688c of Vernon's Civil Statutes, as amended by Acts of the 53rd Legislature, Regular Session, 1953, Chapter 322, reads as follows:

"From and after the effective date of this Act the duties now performed by county superintendents in all counties in this State having a population of not less than thirty thousand (30,000) according to the last preceding Federal Census and in which there are no common school districts, shall be performed by the county judges of such counties, and the office of county superintendent, as such, shall cease to exist; provided, however, that the county superintendents in such counties who have been heretofore elected to the office of county superintendent shall serve until the expiration of the time for which they were elected, and that thereafter the duties now performed by county superintendents in such counties shall be performed by the county judge of such counties."

It is noted that Article 2688c only applies to those counties having the prescribed population and in which there are no common school districts. The question presented is whether a Rural High School District, of which Lubbock County has four (4), is a common school district within the meaning and intendment of Article 2688c. We think that it is.

Provision for the establishment of Rural High School Districts is made by Article 2922a of Vernon's Civil Statutes. Article 2922b provides:

"Rural High School Districts as provided in the preceding Article shall be classed as common school districts, . . . ."

We find no other provision of the statutes which abolishes the office of county superintendent of schools of Lubbock County.

You are therefore advised that Lubbock County is authorized to maintain the office of county superintendent of schools.

## S U M M A R Y

Lubbock County is authorized to maintain the office of county superintendent of schools since the office has not been abolished by any provision of existing statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Leonard Passmore*

Leonard Passmore
Assistant

LP:rm:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Marvin H. Brown, Jr.
Thomas Burrus
W. Ray Scruggs
Jot Hodges, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert